IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHENGDU ZHIMOKELI E-COMMERCE CO., LTD. (AMAZON STORE ID NO. A1VWKOWLILTL37); CHENGDU YISHENG TAIYU TRADING CO., LTD. (AMAZON STORE ID NO. A3VOZ2SFO8BZUO); ENSHI HUPIN ELECTRONIC COMMERCE CO., LTD. (AMAZON STORE ID NO. A36PON1GTOJLAV); HUBEI AOQI TRADING CO., LTD. (AMAZON STORE ID NO. A27S0EUBBY72IV); and CHENGDU QINJINGTINGXI E-COMMERCE CO., LTD. (AMAZON STORE ID NO. AJ8E2S05MVV4L), <br><br> Plaintiffs, <br><br> v. <br><br> DONGGUAN MIMAO ELECTRONIC TECHNOLOGY CO., LTD.; SHENZHEN ZHONHONGTIAN TECHNOLOGY CO., LTD.; JUNPENG WU, | Case No. _____ <br><br><br> COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF UNITED STATES PATENT, PATENT MISUSE, AND UNFAIR COMPETITION |

Chengdu Zhimokeli E-commerce Co., Ltd. (Amazon Store ID No. A1VWKOWLILTL37), Chengdu Yisheng Taiyu Trading Co., Ltd. (Amazon Store ID No. A3VOZ2SFO8BZUO), Enshi Hupin Electronic Commerce Co., Ltd. (Amazon Store ID No. A36PON1GTOJLAV), Hubei Aoqi Trading Co., Ltd. (Amazon Store ID No. A27S0EUBBY72IV), and Chengdu Qinjingtingxi E-Commerce Co., Ltd. (Amazon Store ID No. AJ8E2S05MVV4L) ("Plaintiffs") each hereby brings the present declaratory judgment action against DONGGUAN

MIMAO ELECTRONIC TECHNOLOGY CO., LTD.; SHENZHEN ZHONHONGTIAN TECHNOLOGY CO., LTD.; JUNPENG WU (collectively, "Defendants"), for non-infringement of U.S. Patent No. 12,178,773 B1 (the "'773 Patent") (attached hereto as **Exhibit A**) and patent misuse and unfair competition involving the same, as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), 28 U.S.C. § 1331 (original federal question jurisdiction), and the Federal Declaratory Judgement Act.

2. This Court has personal jurisdiction because all accused products sold by the Plaintiffs have been offered for sale and sold to residents of this judicial district and Defendants have caused Amazon to prohibit Plaintiffs from continuing to offer for sale and selling the accused products in this judicial distict.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and §1391(c) because Defendants are foreign corporations and individuals over whom this Court can have personal jurisdiction by virtue of Defendants tortious use of its '773 Patent against Plaintiffs' sales in this judicial district and restricting access of residents of this judicial district to Plaintiffs' accused products, and wrongfully cause Plaintiff substantial injury in the state of New York and in this judicial district.

# INTRODUCTION

4. On February 20, 2025, Plaintiffs, a group of Amazon resellers with stores on the Amazon platform, received Complaint Id. No. 17083197391 in which Amazon stated that the following listing for the following accused products sold on Amazon had been removed from the Amazon platform: B0DLMKKL4K, B0DLMDMWJZ, and B0D9PXBV8X. *See* **Exhibit B**.

5. According to Complaint Id. No. 17083197391, Amazon removed the accused products because they were alleged to infringe the '773 Patent. The name of the rights owner was "amortoy" and their email address was yanggouyangmao@163.com. *Id*.

6. The '773 Patent was filed in the United States on April 24, 2024. *See* Exhibit A, cover page, item (22).

7. The '773 Patent claims the priority date of a Chinese Patent Application filed on April 15, 2024. *See* Exhibit A, cover page, item (30).

8. However, the accused product was sold on February 17, 2024 at 7:49 pm (PST). *See* **Exhibit C**.

9. Therefore, to the extent Defendants assert that an accused product is within the scope of the '773 Patent claims, no claim can be interpreted broadly enough to capture the accused products without also ensnaring the accused product that was sold on February 17, 2024, which pre-dated the '773 Patent.

# THE PARTIES

10. Chengdu Zhimokeli E-commerce Co., Ltd. is a foreign limited corporation that operates Amazon Store ID No. A1VWKOWLILTL37 with a

business address of 512, 5/F, Building 1, No.53 Jingtian Middle Road, Jinjiang District, Chengdu, Sichuan, China.

11. Chengdu Yisheng Taiyu Trading Co., Ltd. is a foreign limited corporation that operates Amazon Store ID No. Amazon Store ID No. A3VOZ2SFO8BZUO with a business address of Room 4526, Block A, No. 19, Dongwu Street, Jinjiang District, Chengdu, Sichuan, China.

12. Enshi Hupin Electronic Commerce Co., Ltd. is a foreign limited corporation that operates Amazon Store ID No. Amazon Store ID No. A36PON1GTOJLAV with a business address of No. 605, Row 10, Platoon 4, Commerce District, Enshi Railway Station, Jinziba Street Office, Enshi City, Hubei Province, China.

13. Hubei Aoqi Trading Co., Ltd. is a foreign limited corporation that operates Amazon Store ID No. Amazon Store ID No. A27S0EUBBY72IV with a business address of Room 1101-2, Building 2, Lisi District, Bali Street, High-Tech Development Zone, Xiaogan City, Hubei Province, China.

14. Chengdu Qinjingtingxi E-Commerce Co., Ltd. is a foreign limited corporation that operates Amazon Store ID No. Amazon Store ID No. AJ8E2S05MVV4L with a business address of No.202, 2/F, No.129 Yunding Road, Zhengxing Street, Tianfu New Area, Chengdu, Sichuan, China.

15. Dongguan Mimao Electronic Technology Co., Ltd. is a foreign limited corporation with a business address of No. 5, Dongzin 1st Street, Yuanjiangyuan Village, Changping Town, Dongguan, Guangdong China.

16. Shenzhen Zhonhongtian Technology Co., Ltd. is a foreign limited corporation with a business address of Room 207, 2nd Floor, Building 1, Haizhicheng E-commerce Park, No. 18, Lane 5, Changkeng District, Yangmei Community, Bantian Street, Longgang District, Shenzhen China.

17. Junpeng Wu is a Chinese citizen with a residence at Room 207, 2nd Floor, Liangji Building, Donghuan 1st Road, Fukang Community, Longhua Street, Longhua District, Shenzhen China.

## NATURE OF THE ACTION

18. Plaintiff Chengdu Zhimokeli E-commerce Co., Ltd. ("Zhimokeli") sells accused products under the Amazon brand name, Zhimokeli, through Amazon Store ID No. A1VWKOWLILTL37.

19. The Amazon marketplace constitutes Plaintiff Zhimokeli's primary sales channel into the United States. To remain competitive in the United States market for personal massage devices, Plaintiff Zhimokeli needs the Zhimokeli brand products listed in the Amazon marketplace.

20. Chengdu Yisheng Taiyu Trading Co., Ltd. ("Yisheng") is a foreign limited corporation that operates Amazon Store ID No. A3VOZ2SFO8BZUO with a business address of Room 4526, Block A, No. 19, Dongwu Street, Jinjiang District, Chengdu, Sichuan, China.

21. The Amazon marketplace constitutes Plaintiff Yisheng's primary sales channel into the United States. To remain competitive in the United States market for personal massage devices, Plaintiff Yisheng needs the Yisheng brand products listed in the Amazon marketplace.

22. Enshi Hupin Electronic Commerce Co., Ltd. ("Enshi") is a foreign limited corporation that operates Amazon Store ID No. A36PON1GTOJLAV with a business address of No. 605, Row 10, Platoon 4, Commerce District, Enshi Railway Station, Jinziba Street Office, Enshi City, Hubei Province, China.

23. The Amazon marketplace constitutes Plaintiff Enshi's primary sales channel into the United States. To remain competitive in the United States market for personal massage devices, Plaintiff Enshi needs the Enshi brand products listed in the Amazon marketplace.

24. Hubei Aoqi Trading Co., Ltd. ("Aoqi") is a foreign limited corporation that operates Amazon Store ID No. A27S0EUBBY72IV with a business address of Room 1101-2, Building 2, Lisi District, Bali Street, High-Tech Development Zone, Xiaogan City, Hubei Province, China.

25. The Amazon marketplace constitutes Plaintiff Aoqi's primary sales channel into the United States. To remain competitive in the United States market for personal massage devices, Plaintiff Aoqi needs the Aoqi brand products listed in the Amazon marketplace.

26. Chengdu Qinjingtingxi E-Commerce Co., Ltd. ("Qinjing") is a foreign limited corporation that operates Amazon Store ID No. Amazon Store ID No. AJ8E2S05MVV4L with a business address of No.202, 2/F, No.129 Yunding Road, Zhengxing Street, Tianfu New Area, Chengdu, Sichuan, China.

27. The Amazon marketplace constitutes Plaintiff Qinjing's primary sales channel into the United States. To remain competitive in the United States market

for personal massage devices, Plaintiff Qinjing needs the Qinjing brand products listed in the Amazon marketplace.

28. Every claim of the Defendants' '773 Patent requires, *inter alia*, "[a] massager, comprising: a clamping part, comprising a first engagement portion and a second engagement portion which are opposite to each other and made of a flexible material, with a cavity defined between the first engagement portion and the second engagement portion; a driving mechanism, comprising at least one swing arm which is disposed in at least one of the first engagement portion and the second engagement portion for driving the at least one of the first engagement portion and the second engagement portion to move toward or away from the other; and a positioning portion which comprises at least one ring or an elongated stick; wherein two ends of the first engagement portion are respectively connected to two ends of the second engagement portion to define two opposite connection portions, and the first engagement portion and the second engagement portion enclose the cavity."

29. However, there is no construction of the claims of the '773 Patent under which the Accused Products can be found infringing without also ensnaring the prior art, such as, for example, the Accused Product sold on February 17, 2024 at 7:49 pm (PST). *See* **Exhibit C**.

30. Defendant's anticompetitive use of the '773 Patent to dominate the market for personal massagers is both wrongful and targeted to competitively harm Plaintiffs.

COMPLAINT
Page 7

31. An actual and justiciable case or controversy therefore exists between each Plaintiff and Defendant regarding whether the Accused Products have infringed the claims of the '773 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Accused Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '773 Patent. Each Plaintiff is entitled to a judgment declaring that they have not infringed and will not infringe any valid or enforceable claim of the '773 Patent.

32. Consequently, Plaintiffs now seek relief from this Court to resolve this dispute and be compensated for the injury caused by Defendants' unlawful business practices, including inequitable conduct, antitrust, patent misuse, and unfair competition.

33. This is an action for declaratory judgement of non-infringement and patent misuse of the '773 Patent under the patent laws of the United States, to wit, 35 U.S.C §§ 1 et seq., as well as findings of antitrust violations and unfair competition under New York law. Plaintiffs bring this action because of Defendants' unlawful, fraudulent, and unfair business practices in using the '773 Patent to improperly stifle competition from Plaintiffs.

# COUNT I:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '773 PATENT

34. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

35. None of the Accused Products infringe the '773 Patent, either literally or under the doctrine of equivalents, because their designs are like those shown in Exhibit C.

36. There is no construction of any claim of the '773 Patent that does not otherwise ensnare the subject matter of Exhibit C.

37. No Plaintiff can infringe any claim of the '773 Patent, either literally or under the doctrine of equivalents according to the ensnarement doctrine.

# COUNT II:

## Patent Misuse

38. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

39. Defendants misused the '773 Patent by threatening to prevent Plaintiffs from selling the non-infringing Zhimokeli, Yisheng, Enshi, Aoqi, and Qinjing Products on Amazon.com based upon the inappropriately asserted '773 Patent.

40. Defendants have misused the '773 Patent by threatening Amazon of patent infringement by Plaintiffs, while knowing that the '773 Patent is, in reality, not infringed.

41. Defendant's actions involving the '773 Patent to restrain Plaintiffs' freedom of competition using an illegitimate patent right constitutes a *per se* violation of the antitrust laws.

42. Plaintiffs' businesses have been and continue to be injured as a result of Defendants' patent misuse. Defendant's unlawful use of the '773 Patent, either alone, or in concert with any other party, such as Amazon, has diminished Plaintiffs' abilities to make sales of its non-infringing products.

43. Amazon's removal of Plaintiffs' listings and the threat of possible deactivation of Plaintiff's Amazon Seller Account and destruction of product have caused, and continue to cause, Plaintiffs to lose substantial sales and impose irreparable harm in terms of lost sales of the Zhimokeli, Yisheng, Enshi, Aoqi, and Qinjing Products to competitors or consumer dissatisfaction with being unable to obtain the same when they were available prior to Defendants' reckless and fraudulent bad acts.

44. As a result of Defendants' willful misuse of the '773 Patent, each Plaintiff is entitled to recover threefold the damages it has sustained, and the cost of this lawsuit, including a reasonable attorney's fee.

## COUNT III:
## Unfair Competition Under New York Law

45. Plaintiffs hereby incorporate by reference all the foregoing paragraphs as if fully set forth herein.

46. The conduct of Defendants amounts to unfair competition under Section 17200 et. seq. of the California Business & Professions Code, which prohibits any unlawful, unfair, or fraudulent business act or practice.

47. Plaintiffs' businesses have been and continue to be injured as a result of Defendant's unlawful, unfair, and fraudulent conduct by requesting Amazon to remove Plaintiffs' listings of the Zhimokeli, Yisheng, Enshi, Aoqi, and Qinjing Products based on a knowingly non-infringed '773 Patent. Amazon's removal of Plaintiffs' listings and the threat of possible deactivation of Plaintiff's Amazon Seller Account and destruction of inventory have caused, and continue to cause, Plaintiffs to lose substantial sales and impose irreparable harm in terms of lost sales of the Plaintiffs' products to competitors or consumer dissatisfaction with being unable to obtain the Zhimokeli, Yisheng, Enshi, Aoqi, and Qinjing Products when they were available prior to Defendants' bad acts.

## **PRAYER FOR RELIEF**

WHEREFORE, each Plaintiff prays for judgment to be entered in its favor against Defendant as follows:

A. A judgment that each of the Zhimokeli, Yisheng, Enshi, Aoqi, and Qinjing Products do not infringe the '773 Patent either literally or under the doctrine of equivalents;

B. A judgment that Defendant has engaged in patent misuse by causing Amazon to remove the Accused Products on the basis of a non-infringed '773 Patent;

C. A judgment permanently enjoining and restraining Defendants, their

officers, agents, servants, employees, and attorneys, and all other persons acting in concert, participation or privity with it, and its successors and assigns, from alleging, suggesting, or causing the Accused Products to be delisted from Amazon on the basis of infringement of the '773 Patent;

D. A judgement requiring each Defendant or its agents to retract or withdraw the complaint to Amazon that has caused the removal of each of Plaintiffs' products;

E. A judgment declaring this case is exceptional in favor of Plaintiffs entitling each Plaintiff to an award of reasonable attorney fees and the costs incurred in prosecuting this action, together with interest, pursuant to 35 U.S.C. § 285;

F. A judgement be entered declaring each Defendant has engaged in antitrust activity, including patent misuse, and award threefold the damages each Plaintiff has sustained, plus the cost of this lawsuit, including a reasonable attorney's fee;

G. That judgement be entered declaring that Defendants violated the unfair competition laws of New York and enter appropriate permanent injunctions; and

H. A judgment awarding each Plaintiff such other and further relief as the Court may deem just and proper.

COMPLAINT
Page 12

Date: March 13, 2025

By: s/ Joseph A. Farco
Norris McLaughlin, P.A.
7 Times Square, 21st Floor
New York, NY 10036
(212) 808-0700
JFarco@norris-law.com
Attorneys for Plaintiffs CHENGDU ZHIMOKELI E-COMMERCE CO., LTD. (AMAZON STORE ID NO. A1VWKOWLILTL37); CHENGDU YISHENG TAIYU TRADING CO., LTD. (AMAZON STORE ID NO. A3VOZ2SFO8BZUO); ENSHI HUPIN ELECTRONIC COMMERCE CO., LTD. (AMAZON STORE ID NO. A36PON1GTOJLAV); HUBEI AOQI TRADING CO., LTD. (AMAZON STORE ID NO. A27S0EUBBY72IV); and CHENGDU QINJINGTINGXI E-COMMERCE CO., LTD. (AMAZON STORE ID NO. AJ8E2S05MVV4L)